FILED

NOT FOR PUBLICATION

FEB 19 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TARYN CHRISTIAN, | No. 08-17438 |
| Petitioner - Appellant, | D.C. No. 1:04-cv-00743-DAE-LEK |
| v. | |
| CLAYTON FRANK, Director, State of Hawaii Department of Public Safety, | MEMORANDUM [*] |
| Respondent - Appellee, | |
| and | |
| STATE OF HAWAII DEPARTMENT OF PUBLIC SAFETY, | |
| Respondent. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted October 15, 2009
Honolulu, Hawaii

Before: BEEZER, GRABER and FISHER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Petitioner-appellee-cross-appellant Taryn Christian seeks a certificate of appealability for two additional grounds upon which he contends that he is entitled to habeas relief pursuant to 28 U.S.C. § 2254.[1]  Christian argues that he is entitled to a writ of habeas corpus because he was allegedly deprived of his constitutional right to testify on his own behalf at his criminal trial.  Christian insists that habeas relief is also warranted because he allegedly received ineffective assistance of counsel during his criminal trial.

We have jurisdiction under 28 U.S.C. § 1291, and we deny Christian's petition for a certificate of appealability.  Christian has not made a "substantial showing" that he was denied a constitutional right.  28 U.S.C. § 2253(c)(2).

## I

The district court adopted the magistrate judge's findings and recommendations, which held that the Hawaii trial court's refusal to allow Christian to testify at his trial was not contrary to clearly established federal law. Christian has not demonstrated that a court could reach a different result regarding his claim that he was unconstitutionally denied his right to testify at his trial.

---

[1] In a concurrently filed opinion, we reverse the district court's decision to grant habeas relief on behalf of Christian on another ground.  *See Christian v. Frank*, No. 08-17236, 2010 WL _____ (9th Cir. Feb. ___, 2010).

The right of an accused to testify on his own behalf in a criminal trial is guaranteed by the Fifth, Sixth and Fourteenth Amendments. *Rock v. Arkansas*, 483 U.S. 44, 51–53 (1987). A defendant's right to testify, however, is not absolute and may, in particular cases, be subservient to other legitimate interests in the criminal trial process. *Id.* at 55–56. Restrictions on the right are proper provided that they are not "arbitrary or disproportionate to the purposes [that the restrictions are] designed to serve." *Id.* at 56.

Here, Christian has not made a "substantial showing" that the Hawaii Supreme Court's conclusion was contrary to clearly established federal law. Before jury selection, the trial judge informed Christian of his right to testify. The trial judge again emphasized this right after the close of Christian's defense. Christian consistently responded that he knew he had a right to testify at his trial but that he was voluntarily choosing not to exercise that right. Even when Christian finally interrupted the proceedings and stated that he wanted to testify—as the prosecution was about to present its closing argument—Christian expressed that he intended to testify only about an unproduced audio tape with unknown content that had allegedly surfaced.

**II**

The district court also adopted the magistrate judge's findings and recommendations in regard to Christian's ineffective assistance of counsel claim. The district court concluded that the Hawaii Supreme Court's analysis of this issue was not an unreasonable application of clearly established federal law. Again, Christian has failed to show that a court could reach a different result regarding his ineffective assistance of counsel claim.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner claiming ineffective assistance of counsel must show both cause and prejudice. *Id*. at 688, 694. To show cause, a petitioner must demonstrate that counsel's performance at trial was "outside the wide range of professionally competent assistance." *Id*. at 688, 690. To show prejudice, a petitioner must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In the context of habeas petitions, the Supreme Court holds that "[o]nly those habeas petitioners who can prove under *Strickland* that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ." *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

Here, Christian again fails to make a "substantial showing" that the Hawaii Supreme Court's conclusion was unreasonable. The conduct of Christian's counsel as to both audio tapes at issue was well within the range of professionally accepted conduct.

The fact that Christian's counsel did not specifically tell the jury to turn the volume up on the tape in no way amounts to ineffective assistance of counsel.[2] Christian's counsel read a transcript of the first audio tape to the jury and warned the jury that certain portions were "hard to pick up."

Likewise, Christian's counsel's decision to not get audio enhancement of the second audio tape was also reasonable.[3] Counsel's decision to not have the tape enhanced was based on expert testimony that, even after listening to the tape hundreds of times, the statement was unintelligible.

**DENIED.**

---

[2] The first audio tape contains a recording of a conversation between Christian and a friend. In the tape, Christian makes, among other things, two very quiet statements where he denies murdering the victim.

[3] The second audio tape is a recording of the 911 call that was made from the crime scene. The tape allegedly contains a statement by an unknown person identifying someone else as the murderer.

5